I must respectfully dissent. This case marks a classical opportunity for this court to determine whether or not the United States Constitution applies to juveniles. It does.
There is no question that all adults involved here acted in an honorable and professional manner. The stolen property was retrieved, and the juveniles apologized to the victim for their transgression. Were the matter to end there, much like a chapter in the Hardy Boys Mysteries, the boys would go forward and commit no more crimes. But reality dictates differently, and, unlike fiction, the ending in this saga is significantly more complicated. For when the police officer assisted the juvenile in seeing the error in his ways, he simultaneously set in motion a chain of legal proceedings which resulted in the child becoming incarcerated until adulthood.
I have no problem with the outcome in this matter, as I feel justice has been served. However, in legal proceedings, the end never justifies the means. The bottom line is that the boys in question were the focus of an investigation from the moment the police officer arrived on the scene. There can be no dispute that the "apology" which served as a "confession" in later proceedings was arguably legally flawed. Even juveniles have the right to remain silent. No attempt whatsoever was made to preserve that right. Without the confession, the police would have had far more difficulty in presenting their case in juvenile court.
Yet, as the majority correctly notes, there is no way with this record to ascertain whether or not the "apology-confession" was voluntary or coerced. That fact is precisely what is wrong with the majority's analysis. Absent a motion to suppress, there is nothing to review. That is ineffective assistance of counsel at its worst.
This juvenile never had a chance, legally speaking, thanks to all the well-intentioned adults who were busily protecting him while violating his constitutionally protected right to remain silent.
The matter should be reversed.